# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

STEVEN MALDONADO,

      Plaintiff,

vs.                                                                                             No. CIV 23-0687 JB/KBM

CHAPLAIN TOWNSEND; MANAGEMENT
TRAINING CORPORATION; OTERO
COUNTY and FNU RIOS,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on the Plaintiff's: (i) Motion to Amend Prisoner's Complaint, filed October 13, 2023 (Doc. 10)("Motion to Amend"); (ii) Motion for a Subpoena 4-505-A, filed October 16, 2023 (Doc. 13)("Motion for Subpoena"); (iii) Motion of Notification of Violation of the Freedom of Religion Act/Bill of Rights, filed October 16, 2023 (Doc. 14)("FOR Motion"); (iv) Amended Prisoner's Civil Rights Complaint, filed October 23, 2023 (Doc. 16)("Amended Complaint"); (v) Motion to Order the Defendant to Give Me a Call to the State Police to File a Police Report, filed November 17 (Doc. 17)("Police Report Motion"); and (vi) Motion to Dismiss Civil Complaint, filed March 6, 2024 (Doc. 29)("MTD"). The Court orders Maldonado to clarify his claims by filing an amended complaint. In addition, the Court: (i) denies the Motion to Amend; (ii) denies the Motion for Subpoena; (iii) denies the FOR Motion; (iv) strikes the Amended Complaint; (v) denies the Police Report Motion; and (vi) strikes the MTD.

## PROCEDURAL BACKGROUND

Maldonado is a State prisoner, proceeding pro se and in forma pauperis. He commenced this case by filing a Prisoner's Civil Rights Complaint on August 17, 2023 (Doc. 1)("Complaint"), claiming that Defendants Chaplain Townsend and Management Training Corporation were

violating his right to exercise his religion under the First Amendment to the United States Constitution.  <u>See</u> Complaint at 2.  Maldonado then sought to amend his Complaint, alleging that Otero County Prison Facility, where he is incarcerated, is illegally denying prisoners' parole for financial gain, and raising generalized allegations concerning a deprivation of court access and freedom of religion.  <u>See</u> Motion to Amend  at 1-3.  Maldonado did not file a proposed amended complaint with the motion.  Instead, he attached various documents including summonses and prison grievance forms, apparently seeking to support or amplify the allegations in the original complaint.  <u>See</u> Motion to Amend at 4-14.  Three days later, Maldonado filed a notice of a settlement offer proposed to the Defendants in exchange for dismissal of this case.  <u>See</u> Notice, filed October 16, 2023 (Doc. 12).

Next, Maldonado filed the Motion for Subpoena, seeking a court order directing the FBI to investigate the computers and finances of prison staff and requesting that the Court "amend this case with case 20-cv-842-KWR-GJF."  Motion for Subpoena at 1.  The referenced case, which Maldonado filed in federal court against the Sixth Judicial District Court of New Mexico, was dismissed for lack of jurisdiction on August 25, 2020.  <u>See</u> <u>Maldonado v. Sixth Judicial District</u> <u>Court</u>, No. CIV 20-0842, Memorandum Opinion and Order, filed August 25, 2020 (Doc. 2).  What Maldonado sought to accomplish by seeking to amend the two cases is not made clear in the motion.  In the FOR Motion, filed the same day, Maldonado appears to expand the allegations of deprivation of his rights guaranteed by the free exercise clause of the First Amendment.  <u>See</u> FOR Motion at 1, 6, 9, 12.

Five days later, on October 23, 2023, Maldonado filed the Amended Complaint.  The Amended Complaint is premised on alleged violations of Maldonado's First Amendment rights, allegations of perjury, and contentions that Maldonado was denied the opportunity to speak with

law enforcement.  <u>See</u> Amended Complaint at 2-3.  It also includes a settlement offer detailing the terms under which Maldonado would dismiss the Amended Complaint, <u>see</u> Amended Complaint at 4-6, and a "notice" to the Court that Maldonado agreed to settle this matter out of Court, Amended Complaint at 8.  The settlement agreement and the notice appear to be contingent upon Defendants' prospective acceptance of Maldonado's unilateral settlement terms.  <u>See</u> Amended Complaint at 6, 8.  In the Police Report Motion, Maldonado seeks an order from the Court requiring prison officials to allow him to file a police report.  <u>See</u> Police Report Motion at 1.  From the Motion, it appears that the subject of the police report would be violations of New Mexico Corrections Department policy and his First Amendment rights.  <u>See</u> Police Report Motion at 2.

On March 6, 2024, Maldonado filed the MTD.  In the MTD, Maldonado again proposes a settlement in exchange for dismissal of this civil action.  <u>See</u> MTD at 1.  About a week later, Maldonado filed a letter showing an ostensible written exchange between him and the warden indicating that Maldonado wished to establish an account to keep donations for a religious class he was conducting, and a handwritten response indicating that Maldonado could "have [his] religion but not an account."  Letter from Steven Maldonado to Deputy Warden Simmons at 1, filed March 14, 2024 (Doc. 30).

## <u>ANALYSIS</u>

The Court orders Maldonado to clarify his claims by filing an amended complaint.  In addition, the Court will deny Maldonado's pending motions as moot or on the merits or strike them as set forth below.  Finally, the Court provides Maldonado with guidance on the pleading standards that will apply should he choose to amend his complaint.

## I.    <u>MALDONADO MUST CLARIFY HIS CLAIMS</u>.

Because Maldonado is incarcerated and proceeding pro se, his civil complaint is subject to sua sponte screening pursuant to 28 U.S.C. § 1915A, which provides that the Court "shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).  Pursuant to the screening requirement, the Court must: "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . [i]s frivolous, malicious or fails to state a claim upon which relief can be granted; or . . . [s]eeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).  The Court cannot perform its screening function because it is unclear what claims Maldonado intends to assert against whom.  It is not incumbent upon the Court to "sort through a lengthy, poorly drafted complaint and voluminous exhibits in order to construct [a] plaintiff's causes of action."  <u>McNamara v. Brauchler</u>, 570 F. App'x 741, 743 (10th Cir. 2014)(internal quotation marks and citation omitted).  The Court will not attempt to discern what, if any claims remain, or to construct Maldonado's claims and theories by sorting through the various pleadings, motions, notices, and letters on the docket and piecing them together.  Instead, the Court will strike the Amended Complaint and require Maldonado to clarify his claims by filing a second amended complaint on a form that will be provided to him by the Court.

The second amended complaint must comply with rule 8(a) of the Federal Rules of Civil Procedure, meaning that it must "contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a).  Every claim that Maldonado intends to pursue in this litigation should be plainly stated and accompanied by relevant facts.  Documents such as grievance forms and written communication with prison officials should not be attached. Instead, their relevant content should be distilled and plainly stated as allegations on the complaint

form.  Settlement offers and summonses, should not be attached, as they are premature at this stage of the case.  If Maldonado chooses to file a second amended complaint as directed and later determines that he must amend the complaint, he should seek leave to amend by filing a motion pursuant to rule 15(a)(2) of Federal Rules of Civil Procedure.  A proposed amended complaint should be attached.  See D.N.M.LR-Civ. 15.1.  If, at any stage of this litigation, Maldonado seeks to dismiss the case or any claim or party, he should file a notice pursuant to rule 41(a) of the Federal Rules of Civil Procedure specifying the extent of the dismissal.

## II. THE COURT WILL DENY THE PENDING MOTIONS AS MOOT OR ON THE MERITS.

Having determined that Maldonado must file a second amended complaint, the Court will deny the Motion to Amend as moot.  The Court denies the Motion for a Subpoena on the merits, because the Court does not have jurisdiction to order the FBI to investigate the personal finances or computers belonging to or used by the named defendants or other state officials, and, to the extent Maldonado seeks relief in Maldonado v. Sixth Judicial District Court, No. CIV 20-0842, he may file an appropriate motion in that case.  Otherwise, Maldonado may clarify his request for relief in this case as it may relate to the previously closed case by filing a motion specifying the relief sought. Maldonado's FOR Motion, in which he expands the allegations of deprivation of his rights guaranteed by the free exercise clause of the First Amendment, is denied as moot.  As the Court described in Section I, supra, to proceed in this lawsuit, Maldonado must file a second amended complaint stating each claim that he intends to pursue consistent with rule 8.

The Police Report Motion is denied as premature, because the Defendants have not yet entered an appearance in this case, and the Court therefore lacks jurisdiction to issue binding orders against them.  Additionally, based on the substance of the motion, it appears that the issues

Maldonado intends to report to the police, i.e., alleged violations of his Constitutional rights and of unidentified Corrections Department policies, are properly the subject of a lawsuit, as distinct from reportable crimes.  The MTD shall be stricken as it appears not to have any meaningful effect on this litigation because apparently it is contingent upon Defendants compliance with settlement terms unilaterally posited by Maldonado. If Defendants have entered an agreement with Maldonado, it is not evident from the docket.  If Maldonado intends to dismiss this case, he should file an appropriate notice under rule 41(a).

## III.   PLEADING   STANDARDS   GOVERNING   MALDONADO'S   POTENTIAL AMENDMENT.

To facilitate Maldonado's potential amendment, he is advised of the following standards governing a civil rights claim.  42 U.S.C. § 1983 provides a vehicle for the vindication of substantive rights guaranteed by the Constitution and laws of the United States.  Section 1983 allows a person whose federal rights have been violated by state or local officials acting under color of state law to sue those officials.  A § 1983 claim is comprised of two essential elements: (i) that a right secured by the Constitution or laws of the United States was violated; and (ii) that the alleged violation was committed by a person acting under color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); McLaughlin v. Bd. of Trustees of State Colls. of Colo., 215 F.3d 1168, 1172 (10th Cir. 2000).  To state a viable § 1983 claim against an individual defendant, a plaintiff must show how each government-official defendant, through his or her own individual actions violated the Constitution.  See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009).  In other words, he or she must identify "exactly who is alleged to have done what to whom . . . ." Robbins v. Oklahoma, 519 F.3d 1242, 1250 (10th Cir. 2008)(emphasis in original).

In addition, if Maldonado intends to pursue a claim that he, personally, was denied parole

in violation of his Constitutional rights, he may file a petition for habeas relief under 28 U.S.C. §

2241.  United States v. Furman, 112 F.3d 435, 438-39 (10th Cir. 1997)(explaining that challenges

to good-time credit and parole procedure go to execution of sentence and should be brought under

§ 2241).  To the extent he seeks to pursue this claim on behalf of other inmates, Maldonado is

advised that except in limited circumstances pro se parties cannot prosecute a federal action on

behalf of other litigants.  See Fymbo v. State Farm Fire and Cas. Co., 213 F.3d 1320, 1321 (10th

Cir. 2000); Amaro v. Att'y Gen. for N.M., 781 Fed. App'x 693, 695 (10th Cir. 2019).

      **IT IS ORDERED** that: (i) the Motion to Amend Prisoner's Complaint, filed October 13,

2023 (Doc. 10), is denied; (ii) the Motion for a Subpoena 4-505-A, filed October 16, 2023 (Doc.

13), is denied; (iii) Motion of Notification of Violation of the Freedom of Religion Act/Bill of

Rights, filed October 16, 2023 (Doc. 14), is denied; (iv) the Amended Prisoner's Civil Rights

Complaint, filed October 23, 2023 (Doc. 16), is stricken; (v) the Motion to Order the Defendant to

Give Me a Call to the State Police to File a Police Report, filed November 17 (Doc. 17), is denied;

(vi) the Motion to Dismiss Civil Complaint, filed March 6, 2024 (Doc. 29), is stricken; (vii) if

Maldonado intends to proceed in this lawsuit, he must clarify his claims by filing a second

amended complaint as directed herein within thirty days of the entry of this Order, and if

Maldonado does not timely file a second amended complaint, this case may be dismissed without

further notice; and (viii) Together with a copy of this Order, the Clerk's Office shall mail a blank

§ 1983 complaint to Maldonado.

UNITED STATES DISTRICT JUDGE

*Parties:*

Steven Maldonado
Chaparral, New Mexico

      *Plaintiff pro se*