IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

STEVEN MALDONADO,

    Plaintiff,

vs.                                                                                    No. CIV 23-0687 JB/KBM

CHAPLAIN TOWNSEND; MANAGEMENT
TRAINING CORPORATION; OTERO
COUNTY and FNU RIOS,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court following Plaintiff Steven Maldonado's failure

to prosecute his Prisoner Civil Rights Complaint, filed August 17, 2023 (Doc. 1)("Complaint"),

and Amended Prisoner Civil Rights Complaint, filed October 23, 2023 (Doc. 16)("Amended

Complaint").  The Court recently struck the Amended Complaint, and directed Maldonado to

clarify his claims and to file a second amended complaint on the 42 U.S.C. § 1983 form pleading.

See Memorandum Opinion and Order, filed August 29, 2024 (Doc. 31)("Cure Order").  Because

Maldonado has not complied with the Cure Order, and having reviewed applicable law and the

record, the Court dismisses this case without prejudice.

## BACKGROUND

Maldonado is a State prisoner, proceeding pro se and in forma pauperis.  He commenced

this case by filing the Complaint, alleging that Defendants Chaplain Townsend and Management

Training Corporation were violating his right to exercise his religion under The First Amendment

to the Constitution of the United States.  See Complaint ¶ 1, at 3.  Maldonado then sought to

amend his Complaint, alleging that Otero County Prison Facility, where he is incarcerated, is

illegally denying prisoners' parole for financial gain, and raising generalized allegations concerning a deprivation of court access and freedom of religion.   See Motion to Amend Prisoner's Complaint at 1-3, filed October 13, 2023 (Doc. 10)("Motion to Amend").   Maldonado did not file a proposed amended complaint with the motion.   Instead, he attached various documents including summonses and prison grievance forms, apparently seeking to support or amplify the allegations in the original Complaint.   See Motion to Amend at 4-14.   Ten days later, on October 23, 2023, Maldonado filed the Amended Complaint, which is premised on alleged violations of Maldonado's First Amendment rights, allegations of perjury, and contentions that Maldonado was denied the opportunity to speak with law enforcement.   See Amended Complaint ¶ I, at 2-3.   It also includes a settlement offer detailing the terms under which Maldonado would dismiss the Amended Complaint, see Amended Complaint at 4-6, and a "notice" to the Court that Maldonado agreed to settle this matter out of Court, Amended Complaint at 8.   The settlement agreement and the notice appear to be contingent upon the Defendants' prospective acceptance of Maldonado's unilateral settlement terms.   See Amended Complaint at 6, 8.

By a Memorandum Opinion and Order entered August 29, 2024, the Court explains that, because Maldonado is incarcerated and proceeding pro se, his civil complaint is subject to sua sponte screening pursuant to 28 U.S.C. § 1915A, which provides that the Court "shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."   28 U.S.C. § 1915A(a); Cure Order at 4.   Pursuant to the screening requirement, the Court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . [i]s frivolous, malicious or fails to state a claim upon which relief can be granted; or . . . [s]eeks monetary relief from a defendant who is immune from such relief."   28 U.S.C. § 1915A(b).   The Court concludes that it cannot perform its

screening function, because it is unclear what claims Maldonado intends to assert against whom.

See Cure Order at 4.   It is not incumbent upon the Court to "'sort through a lengthy, poorly drafted complaint and voluminous exhibits in order to construct plaintiff's causes of action.'"   McNamara v. Brauchler, 570 F. App'x 741, 743 (10th Cir. 2014)(quoting Schupper v. Edie, 193 Fed. App'x 744, 746 (10th Cir. 2006)).[1]

Accordingly, the Court explains that it "will not attempt to discern what, if any, claims remain, or to construct Maldonado's claims and theories by sorting through the various pleadings, motions, notices, and letters on the docket and piecing them together."   Cure Order at 4.   Instead, the Court strikes the Amended Complaint, denies the various pending motions, and orders Maldonado to clarify his claims by filing a second amended complaint.   See Cure Order at 8. The Court instructs Maldonado that the second amended complaint must comply with Rule 8(a) of the Federal Rules of Civil Procedure, meaning that it must "contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."   Fed. R. Civ. P. 8(a).   The Court further instructs Maldonado to state plainly and accompany with relevant facts every claim that he intends to pursue in this litigation, and that he should not attach documents such as

---

[1] McNamara v. Brauchler, 570 F. App'x 741 (10th Cir. 2014), is an unpublished opinion, but the Court can rely on an unpublished opinion to the extent its reasoned analysis is persuasive in the case before it.   See 10th Cir. R. 32.1(A) ("Unpublished decisions are not precedential, but may be cited for their persuasive value.").   The Tenth Circuit states:

> In this circuit, unpublished orders are not binding precedent, . . . And we have generally determined that citation to unpublished opinions is not favored. However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005).   The Court concludes that McNamara v. Brauchler has persuasive value with respect to a material issue, and will assist the Court in its disposition of this Memorandum Opinion

grievance forms and written communication with prison officials.   Instead, their relevant content should be distilled and plainly stated as allegations on the complaint form.   See Cure Order at 4-5.

Additionally, the Court advises Maldonado of the standards governing a civil rights claim under 42 U.S.C. § 1983.   See Cure Order at 6-7.   The Court instructs Maldonado that, to state a viable § 1983 claim against an individual defendant, a plaintiff must show how each government-official defendant, through his or her own individual actions, violates the Constitution, and must identify "'exactly who is alleged to have done what to whom.'"   Cure Order at 6 (citing Robbins v. Oklahoma, 519 F.3d 1242, 1250 (10th Cir. 2008)(emphasis in Robbins v. Oklahoma).   The Court explains that, to the extent Maldonado seeks relief in another case he references in one of his motions, he may file an appropriate motion in that case or clarify his request for relief in this case as it may relate to the previously closed case by filing a motion specifying the relief sought. See Cure Order at 5.   Finally, the Court states that, if Maldonado intends to pursue a claim that he, personally, was denied parole in violation of his Constitutional rights, he may file a petition for habeas relief under 28 U.S.C. § 2241.   See United States v. Furman, 112 F.3d 435, 438-39 (10th Cir. 1997)(explaining that challenges to good-time credit and parole procedure go to the execution of sentence and should be brought under § 2241).   To the extent that he seeks to pursue this claim on other inmates' behalf, the Court advises that, except in limited circumstances, pro se parties cannot prosecute a federal action on behalf of other litigants.   Cure Order at 7 (first citing Fymbo v. State Farm Fire and Cas. Co., 213 F.3d 1320, 1321 (10th Cir. 2000); and then citing Amaro v. Att'y Gen. for N.M., 781 Fed. App'x 693, 695 (10th Cir. 2019)).

The Court set a deadline of September 30, 2024, for Maldonado to clarify his claims by filing a second amended completed.   See Cure Order at 8.   The Cure Order warns that the failure

to comply timely may result in dismissal of this case without further notice.  See Cure Order at 8.

Maldonado did not file a second amended complaint.  Instead, on October 25, 2024, he filed a

Letter in which he states that he is not adding another case to this case or making a new claim, so

"there is really no need to re-amend my case."  Letter from Steven Maldonado to United State

[sic] District Court at 1, not dated, filed October 25, 2024 (Doc. 32)("Letter").    He attaches to

the Letter several pages of documents from the Otero County Prison Facility relating to an informal

complaint regarding practicing religion.   Letter at 2-6.   The Court therefore considers whether to

dismiss this matter for failure to prosecute and for failure to comply with the Cure Order.

## ANALYSIS

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of

an action "[i]f the plaintiff fails to prosecute or to comply with the [Federal Rules of Civil

Procedure] or a court order."   Fed. R. Civ. P. 41(b).   As the Tenth Circuit explains, "the need to

prosecute one's claim (or face dismissal) is a fundamental precept of modern litigation."   Rogers

v. Andrus Transp. Services, 502 F.3d 1147, 1152 (10th Cir. 2007).   "Although the language of

Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted

to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with

the rules of civil procedure or court[s'] orders."   Olsen v. Mapes, 333 F.3d 1199, 1204 n. 3 (10th

Cir. 2003).

"Dismissals pursuant to Rule 41(b) may be made with or without prejudice."   Davis v.

Miller, 571 F.3d 1058, 1061 (10th Cir. 2009).   If dismissal is made without prejudice, "a district

court may, without abusing its discretion, enter such an order without attention to any particular

procedures."   Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Justice Center, 492

F.3d 1158, 1162 (10th Cir. 2016)("Nasious").   Because "[d]ismissing a case with prejudice,

however, is a significantly harsher remedy – the death penalty of pleading punishments – [the Tenth Circuit has] held that, for a district court to exercise soundly its discretion in imposing such a result, it must first consider certain criteria."   Nasious, 492 F.3d at 1162.   Those criteria include: the degree of actual prejudice to the defendant; the amount of interference with the judicial process; the culpability of the litigant; whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and the efficacy of lesser sanctions." Nasious, 492 F.3d at 1162.

Here, Maldonado has not filed a second amended complaint, as the Cure Order requires. Maldonado's Letter does not clarify his claims, as the Cure Order directs, and, as explained, the Court cannot perform its screening function, because it is unclear what claims Maldonado intends to assert against whom.   See McNamara, 570 F. App'x at 743.   In light of these failures, the Court dismisses the Complaint pursuant to rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute.   See Olsen v. Mapes, 333 F.3d 1199 at 1204.   After considering the Nasious factors, the dismissal will be without prejudice.   See Nasious, 492 F.3d at 1162.

**IT IS ORDERED** that: (i) the Plaintiff's Prisoner Civil Rights Complaint, filed August 17, 2023 (Doc. 1), is dismissed without prejudice; and (ii) the Court will enter a separate Final Judgment disposing of this civil case.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Steven Maldonado
Chaparral, New Mexico

   *Plaintiff pro se*